METROPOLITAN LIFE INSURANCE COMPANY, complainant,

*v.*

MARY ZGLICZENSKI and BOLESLAW WISNIEWSKI, defendants.

[Decided December 6th, 1922.]

1. In order to effectuate a change of beneficiary, or an assignment of a policy, or any part thereof, the terms and conditions imposed by the policy to accomplish such ends must be complied with.

2. Where a policy provided that a change of beneficiary should take effect on the endorsement of the policy by the insurer, and that no assignment should bind the insurer unless filed with the insurer at its home office, an assignment of a specified sum "collectible from my insurance" made shortly before the insured's death, not filed with the insurer, is not valid.

On bill of interpleader. On pleadings and proofs.

*Mr. Randolph Perkins,* for the complainant.

*Mr. Charles M. Egan,* for the defendant Mary Zgliczenski.

*Mr. Edward B. Twardus* and *Mr. Richard Hartshorne,* for the defendant Boleslaw Wisniewski.

LEWIS, V. C.

On March 30th, 1910, the Metropolitan Life Insurance Company issued a twenty year life endowment policy of life insurance for $3,000, in which it promised

"to Anton Zgliczenski of Jersey City, State of New Jersey, herein called the insured, on the thirtieth day of March, nineteen hundred and thirty, if the insured be then living, or upon receipt at said home office of due proof of the prior death of the insured, to Mary Zgliczenski, wife of the insured, beneficiary, with the right of revocation, three thousand dollars, less any indebtedness hereon to the company and any unpaid portion of the premium for the then current policy year upon surrender of this policy properly receipted."

The policy also contained the following provision with regard to the change of beneficiary:

"Change of Beneficiary—When the right of revocation has been reserved, the insured, if there be no existing assignment of the policy, made as herein provided, may, while the policy is in force, designate a new beneficiary with or without reserving right of revocation by filing written notice thereof at the home office of the company, accompanied by the policy for suitable endorsement thereon. Such change shall take effect upon the endorsement of the same upon the policy by the company. If any beneficiary, under either a revocable or irrevocable designation, shall die before the insured, the interest of such beneficiary shall vest in the insured."

The policy further provided, with regard to the right of assignment, as follows:

"Assignment—No assignment of this policy shall be binding upon the company unless it be filed with the company at its said home office. The company assumes no responsibility as to the validity of any assignment."

After the policy had been in force for three years, provision was made for loan and cash surrender options, upon certain terms and conditions specified. The loans were to be made "on sole security of this policy, and on proper assignment thereof." The cash value fixed at the end of a policy year could be obtained during such policy year if all premiums to the end of such year had been paid. In case of surrender or lapse, after the policy had been in force three years, it was provided that "The owner thereof, within three months after any default, may elect (*a*) to accept the cash value of this policy, or," &c.

Anton Zgliczenski died on May 7th, 1921. By the table contained in the policy the cash or loan value, after the policy had been in force eleven years, was twelve hundred and forty-two dollars ($1,242).

On August 17th, 1912, the insured, with the knowledge and assent of the beneficiary, borrowed $246 from the insurance company, on the security of the policy, and the policy was duly assigned to the company in accordance with its terms.

On April 13th, 1921, the insured gave to Boleslaw Wisniewski a promissory note for $1,000 payable in ninety days, containing this provision: "Debt collectible from Metropolitan Life Insurance Company, where I am insured."

Two days before the insured died he executed the following instrument:

"May 5, 1921.

For and in consideration of the sum of $1.00 and other valuable consideration to me in hand paid by Boleslaw Wisniewski, I hereby assign to him $1,000, *which sum is collectible from my insurance* at the Metropolitan Insurance Company.

I hereby acknowledge that the sum of $1,000 has been borrowed by me and is due to Boleslaw Wisniewski.

(Signed)          ANTON ZGLICZENSKI.

Witness:

    J. DABROWSKI. ·
    S. SUGOLSKI
    J. F. WISNIEWSKI."

No notice of this assignment was given to the insurance company until after the death of the insured, Anton Zgliczenski. There is nothing in the case to show that Mary Zgliczenski, the beneficiary mentioned in the policy, knew of or consented to the assignment prior to the death of her husband.

Upon the death of Anton Zgliczenski, the insured, the insurance company was confronted with the claim of Mary Zgliczenski, the beneficiary named in the policy, for the amount due thereon; and with the claim of the assignee, Boleslaw Wisniewski, for the amount which he claimed had been assigned to him by the insured. The widow brought an action against the company; and the assignee threatened to likewise commence suit. Thereupon, the company filed its present bill of interpleader and paid the fund into this court. The beneficiary and the assignee are made defendants in this bill and are the contending parties for the fund. The complainant, by the interlocutory decree, has been dismissed. Meantime, the suit brought by the beneficiary in the Hudson county court of common pleas against the insurance company was restrained.

It is well settled in this state, in cases of this kind, that in order to effect a change of beneficiary or an assignment of the policy, or any part thereof, the terms and conditions imposed by the policy to accomplish those ends must be strictly complied with. *Sullivan* v. *Maroney, 76 N. J. Eq. 104; affirmed, 77 N. J. Eq. 565; Anderson* v. *Broad Street National Bank, 90 N. J. Eq. 78; affirmed, 91 N. J. Eq. 331; Pennsylvania Railroad Co.* v. *Warren, 69 N. J. Eq. 706.*

It is perfectly plain in this case that the requirements for the change of beneficiary or the assignment of the policy to Wisniewski were not complied with. If Wisniewski had filed his assignment with the company before the death of the insured, and in accordance with the provisions of the policy, then a different question might have arisen; for at the time of the assignment to Wisniewski the policy appears to have had a clear cash surrender value (after deducting the previous loan made by the company to the insured) about equal to the amount of the assignment; but this the assignee failed to do.

I will advise a decree that the fund be paid to the beneficiary, Mary Zgliczenski, and that the suit in the Hudson county circuit court be permanently restrained.